[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, the plaintiff, Shirren Hawkins, has filed a one count complaint against the defendant, Yale New Haven Hospital, Inc. The plaintiff alleges that as a patient at the defendant hospital she was caused to be injured when a fetal monitor fell on her head and shoulders as a result of the negligence of the defendants causing cervical injuries and post-traumatic headaches.
The defendants denied that they were in control of the monitor in question and also filed a special defense saying that the plaintiff was negligent and that she had been warned not to move as she was attached by wires to the unsecured monitor.
On the basis of the credible evidence and exhibits submitted, the court has made the following factual conclusions:
On October 20, the plaintiff, Shirren Hawkins (Hawkins) was admitted to the maternity ward of the defendant, Yale New Haven Hospital (Hospital) for the purpose of inducing labor. Initially the plaintiff was assigned to a regular hospital room where she was attached to a portable I.V. as well as additionally connected to an unsecured fetal monitor by a six foot wire cord. At that time she was warned that should she wish to move, she should either call a nurse or detach the waistband connected to the wires for the monitor. The nurse indicated that the warning was to "prevent the machine from being damaged." In the regular hospital room, the monitor was located on a shelf, next to the bed and approximately bed high.
While the nurse was taking a lunch break, the plaintiff was concerned that the television reception in her initial room was inadequate and asked to be moved to a room with better television reception. At that time, the plaintiff was moved to the Early Labor Lounge. This was a room without a bed and simply contained two chairs, a television and a phone. CT Page 12655
Unlike the regular hospital room, in the Early Recovery Room, the fetal monitor was located, unsecured, on a shelf above the head of the patient's chair.
For whatever reason, the plaintiff had stood up and had gotten tangled in the cord attached to the fetal monitor. As the nurse was returning from lunch, she noticed the patient was about to sit down and tried unsuccessfully to stop the inevitable yanking of the monitor off the shelf. The 15 lb. monitor landed on the plaintiff's head and shoulders and even injured the hand of the nurse.
As was indicated, the hospital denied that it controlled the monitor in question, and further claimed that the plaintiff had been initially warned not to move with the monitor cord attached. Although the plaintiff admitted that she recalled the warning being given to her, the hospital offered evidence that the plaintiff may have been "distracted" by personal problems as a reason for neglecting to recall the warning.
With respect to the question of control, records were submitted that the day after the incident the hospital moved the location of the shelves for the fetal monitors in the Early Labor Lounge from above the chairs
As to the warning, it is the opinion of the court that the warning given to the patients in the regular hospital room was not sufficient for a patient exposed to the risk of injury created in the Early Recovery Room. In the hospital room, the risk with which the hospital was concerned was the self interest of damage to the machine itself. Were a patient to get tangled in the cord when lying back on the bed, the only potential damage would be that the monitor would be pulled from the shelf next to the bed and land on the floor.
In the Early Recovery Room the risk created by the situation was not to the monitor but in fact, that if a patient would sit in the chair while tangled in the cord, it was foreseeable that they would pull the unsecured monitor off the shelf and onto their head. To further argue that a patient would be soley responsible if they became distracted and ignored the warning given in the regular hospital room is of no consequence, as it is reasonable to assume that any patient admitted to a hospital may be in a state of "distraction." Summarily, the warning was not sufficient to excuse the location and risk to a patient by the defendant.
It is the opinion of the court that the hospital had a higher degree of responsibility to the patient not to create such a dangerous situation. This court finds that the defendant hospital was negligent and the CT Page 12656 negligence was the proximate cause of the plaintiff's injuries.
As to the Special Defense, while the warning given to the patient was not a complete bar to recovery, the plaintiff bears some responsibility for contributing to the accident in question and therefore the court finds that the plaintiff was comparatively negligent with respect to the accident and subsequent injuries.
Therefore, the court finds that the defendant, Yale New Haven Hospital, was sixty percent negligent and the plaintiff, Sherrin Hawkins, was forty percent negligent for this occurrence.
As a result of the injuries, the plaintiff suffered post-traumatic headaches, left shoulder sprain with a prognosis of a five percent permanent partial disability to the cervical spine. She has a life expectancy of 46.7 years. It was further proven that the plaintiff's medical expenses totaled $3,237.00, which the court finds are the economic damages. The court further finds that the plaintiff suffered non-economic damages in the amount of $12,500.00 for a total amount of $15,737.00 reduced by the comparative of forty percent to a net verdict award of $9,442.20.
Gilardi, J. CT Page 12657